(No. 84-CC-2104—

TOWNSEND JACKSON, Claimant, *v*. THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 9, 1988.*

TOWNSEND JACKSON, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (G. MICHAEL TAYLOR, Assistant Attorney General, of counsel), for Respondent.

PATCHETT, J.

Townsend Jackson was a resident of the Menard Correctional Center on October 28, 1983. At that time, he was working in the tailor shop. At approximately 8:00 a.m., he was summoned by the supervisor, Mr. Herschbauh, and requested to lift a heavy industrial shop fan. He was directed to place the fan on top of a cupboard. To accomplish this purpose, a cart with rollers on it was used as a platform while two other inmates were charged with the responsibility of keeping the cart steady. When the Claimant lifted the fan, the cart was not secured, and it moved. This caused the fan to fall on the Claimant, which in turn caused a severe gash to the back of his head.

A hearing was held on this claim on August 18, 1987, at the East Moline Correctional Center. Notice was given to both parties. The Claimant appeared and testified, but no one appeared on behalf of the State.

It is apparent from the testimony at the hearing on this matter that the State was negligent in having a person perform the task requested with the equipment and help provided. We so hold.

The Claimant testified that as a result of his accident, he has had recurring headaches. He further states that he was having back problems, but he did not know if they were related to the accident. There was some scarring, but it was not particularly noticeable. The scar was located at the back of the head and was covered by the Claimant's hair. Although the Claimant testified that he feared this accident would affect his ability to return to the job he had prior to being incarcerated, there was no additional evidence submitted on this matter. There was no medical history or records submitted by the Claimant to substantiate a causal connection between the injury and his potential inability to return to his former occupation. We therefore hold that this item of damages would be too speculative to substantiate an award. However, the Claimant was clearly injured due to the negligence of the State. We therefore award the Claimant the sum of three thousand dollars ($3,000.00) for his pain and suffering.